UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ADRIAN ANGEVIN,

                                Plaintiff,

-against-

CITY OF NEW YORK, WILLIAM WASSON, and JOHN and
JANE DOE 1 through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true names are
presently unknown),

                                Defendants.

-----------------------------------------------------------------------X

**COMPLAINT**

10-5327

Docket No.

Jury Trial Demanded

TOWNES, J.
GOLD, M.J.

Plaintiff ADRIAN ANGEVIN, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff ADRIAN ANGEVIN is a thirty-six year old man residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, WILLIAM WASSON, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On November 16, 2009, at approximately 1:30 p.m., inside 130 Stuyvesant Place, Staten Island, New York, the defendants falsely arrested plaintiff and thereafter maliciously prosecuted plaintiff based on the unreliable and false statements of a sixteen year old civilian witness, Q.B. The defendants knew or should have known that Q.B.'s statements in November 2009 were inconsistent with her initial complaints made on May 19, 2009, and that her November 2009 statements were false and unreliable. Notwithstanding, the defendants intentionally, recklessly, negligently, and/or with deliberate disregard for plaintiff's rights failed to adequately investigate Q.B.'s November 2009 statements and her May 2009 statements. Furthermore, upon information and belief, the defendants intentionally, recklessly, negligently, and/or with deliberate disregard for plaintiff's rights, withheld proof of Q.B.'s May 2009 inconsistent statements from a Richmond County Grand Jury and from the Richmond County District Attorney's office. As a result, plaintiff was falsely arrested and maliciously prosecuted, causing his pre-trial imprisonment on Rikers Island for approximately fifty-one days and compelling plaintiff to appear in Supreme Court even after his release.

13. A summary of the circumstances surrounding the incident are as follows. On May 19, 2009, the civilian witness, Q.B., telephoned 911 and reported that a male black had been following her for a year, that the perpetrator was still on the scene, and that she would meet the police officers by the bathroom at Sears on Staten Island. Shortly thereafter, NYPD Officer Nayron Garcia responded to said 911 call and interviewed Q.B. Officer Garcia filed a complaint report indicating that Q.B. told him that an unknown perpetrator was following her and screaming at her for unknown reasons causing her fear and alarm. This complaint was closed as a harassment complaint with no arrests.

3

14. On November 15, 2009, approximately six months after the initial complaint, Q.B.'s mother contacted the Staten Island Special Victims Squad to report that Q.B. had seen a man who she now alleged, for the first time, had attempted to rape her on May 19, 2009.

15. Upon information and belief, on or about November 15, 2009, defendant WASSON interviewed Q.B. and her mother. Q.B. told WASSON that on the evening of May 19, 2009, Q.B. visited her mother, who worked at the Sears department store located within walking distance from her home on Staten Island. After leaving her mother, Q.B. stated that a man approached her from behind, and said he wanted to "f--- her." The man then grabbed her arm and threw a jacket over her head. She kicked him, managed to get the jacket off her head and ran for help. She ran to her mother inside Sears and called 911. Q.B. identified the perpetrator as a man who Q.B. saw on a public bus throughout the 2008-2009 school year. She indicated that the man was at her bus stop in the morning, boarded the same bus as she did, and got off the same bus stop as she did near Port Richmond High School. Q.B. indicated that this man would continuously stare at her, lick and bite his lips, and mouth vulgar sexual phrases at her. She said that this conduct occurred more than 25 times between September 2008 and May 19, 2009.

16. Despite the clear and obvious inconsistencies with Q.B.'s May 2009 initial complaint and her November 2009 complaint, and the suspect identification of a perpetrator who came from behind her and pulled a jacket over her head, defendant WASSON conducted no further investigation into Q.B.'s complaint.

17. On November 16, 2009, defendant WASSON contacted plaintiff, who invited WASSON to his home at 72 Trantor Place, across from Port Richmond High School. When WASSON arrived at plaintiff's home, plaintiff agreed to meet him at WASSON'S office, located

4

at 130 Stuyvesant Place. At approximately 1:30 p.m., plaintiff arrived at defendant WASSON'S office. Plaintiff denied Q.B.'s allegations, fully cooperated with defendant WASSON'S interrogation, offered his DNA and any other testing required. Plaintiff explained that he worked the midnight to 8:00 a.m. shift and took the same bus as Q.B. to return home at 75 Trantor Place, an innocent and easily documented explanation to his presence on the public bus that Q.B. took to school.

18.     Thereafter, defendant WASSON formally arrested plaintiff. Upon information and belief, defendant WASSON neither spoke with Officer Nayron Garcia prior to arresting plaintiff, nor did he otherwise adequately investigate Q.B.'s November 2009 complaint against plaintiff.

19.     On November 17, 2009, plaintiff was indicted by a Richmond County Grand Jury and charged under Indictment 337/2009 with Attempted Rape in the First Degree, Attempted Kidnapping in the Third Degree, and Endangering the Welfare of a Child. Upon information and belief, defendant WASSON was aware of the Grand Jury presentation and neither notified the Grand Jury nor the Richmond County District Attorney that Q.B.'s initial complaint was entirely inconsistent with her allegations six months later. Moreover, defendant WASSON neither notified the Grand Jury nor the Richmond County District Attorney that Q.B.'s inconsistent initial complaint was taken by Officer Nayron Garcia.

20.     The defendants inadequately and/or negligently investigated Q.B.'s November 2009 complaint, and the defendants intentionally, recklessly, negligently, and/or with deliberate disregard for plaintiff's rights, withheld proof of Q.B.'s initial complaint from the Richmond County Grand Jury and the Richmond County District Attorney's office.

21.     As a result of the defendants' wrongful conduct, plaintiff was imprisoned by the

defendants until he was arraigned in Richmond County Criminal Court on serious felony charges, despite the absence of probable cause. The defendants initiated said prosecution with malice and/or with a deliberate disregard for plaintiff's rights, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to get credit for a high profile felony arrest.

22. As result of the defendants' inadequate and/or negligent investigation of Q.B.'s November 2009 complaint, and the defendants' intentional, reckless, and/or deliberate disregard for plaintiff's rights, a criminal court judge set $250,000 bail on plaintiff and plaintiff was indicted by a Grand Jury.

23. As a result of said malicious prosecution, plaintiff was incarcerated on Rikers Island from on or about November 17, 2009 through January 7, 2010, a period of fifty-one days. Even after plaintiff's release, he was compelled to appear in Supreme Court for approximately six court dates. Finally, on April 28, 2010, all the purported charges filed against plaintiff were dismissed and sealed in Richmond County Supreme Court, pursuant to a Recommendation For Dismissal filed with the Court by the Richmond County District Attorney's Office, which set forth, *inter alia,* that the discrepancies and inconsistencies in Q.B.'s statements were irreconcilable.

24. All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

25. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, promoting, compensating and supervising of its employees.

26. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the investigation of incidents and inconsistent statements by witnesses.

27. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

28. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

29. As a result of the foregoing, plaintiff ADRIAN ANGEVIN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees

7

were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff ADRIAN ANGEVIN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants arrested plaintiff ADRIAN ANGEVIN without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

38. Defendants caused plaintiff ADRIAN ANGEVIN to be falsely arrested and

unlawfully imprisoned.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants initiated, commenced and continued a malicious prosecution against plaintiff ADRIAN ANGEVIN.

41. Defendants caused plaintiff ADRIAN ANGEVIN to be prosecuted without any probable cause until the charges were dismissed on or about April 28, 2010.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants issued criminal process against plaintiff ADRIAN ANGEVIN by causing him to be arraigned and prosecuted for various violations of the Penal Law.

44. Defendants caused plaintiff ADRIAN ANGEVIN to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and thereby violated plaintiff's right to be free from malicious abuse of process.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants had an affirmative duty to intervene on behalf of plaintiff ADRIAN

ANGEVIN, whose constitutional rights were being violated in their presence by other officers.

47. The defendants failed to intervene to prevent the unlawful conduct described herein.

48. As a result of the foregoing, plaintiff ADRIAN ANGEVIN'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

51. As a result of the foregoing, plaintiff ADRIAN ANGEVIN was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. The individual defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: arresting individuals without an adequate investigation and then withholding or otherwise failing to bring exculpatory evidence to the attention of prosecutors and/or the grand jury in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, promoting, compensating and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, promote, compensate and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ADRIAN ANGEVIN.

58. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate

11

cause of the constitutional violations suffered by plaintiff ADRIAN ANGEVIN as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ADRIAN ANGEVIN as alleged herein.

60. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ADRIAN ANGEVIN was unlawfully arrested and maliciously prosecuted.

61. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ADRIAN ANGEVIN'S constitutional rights.

62. All of the foregoing acts by defendants deprived plaintiff ADRIAN ANGEVIN of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from malicious prosecution;

    D. To be free from malicious abuse of process;

    E. To be free from the failure to intervene.

63. As a result of the foregoing, plaintiff ADRIAN ANGEVIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

66. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

67. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

68. Plaintiff has complied with all conditions precedent to maintaining the instant action.

69. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendants initiated, commenced and continued a malicious prosecution against plaintiff ADRIAN ANGEVIN.

72. Defendants caused plaintiff ADRIAN ANGEVIN to be prosecuted without probable cause until the charges were dismissed on or about April 28, 2010.

## AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Defendants issued criminal process against plaintiff ADRIAN ANGEVIN by causing him to be arrested, arraigned and prosecuted in Criminal and Supreme Court.

75. Defendants caused plaintiff ADRIAN ANGEVIN to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the deliberate disregard for plaintiff' rights.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

78. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

79. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

80. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff ADRIAN ANGEVIN.

81. As a result of the aforementioned conduct, plaintiff ADRIAN ANGEVIN suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraph numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.  Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff ADRIAN ANGEVIN.

84.  Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

85.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.  Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff ADRIAN ANGEVIN.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

87.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.  Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

89. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

91. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. As a result of defendants' conduct, plaintiff ADRIAN ANGEVIN was deprived of his right to security against unreasonable searches, seizures, and interceptions.

93. As a result of the foregoing, plaintiff ADRIAN ANGEVIN is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ADRIAN ANGEVIN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages in an amount to be determined by a jury;

(C)  reasonable attorney's fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       November 16, 2010

                                       LEVENTHAL & KLEIN, LLP
                                       45 Main Street, Suite 230
                                       Brooklyn, New York 11201
                                       (718) 722-4100

                               By: _____
                                       BRETT H. KLEIN (BK4744)

                               Attorneys for Plaintiff ADRIAN ANGEVIN